UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON STRIBLING, | No. 2:16-cv-0400 CKD P |
| Plaintiff, | |
| v. | ORDER |
| R. MOTT, et al., | |
| Defendants. | |

I. <u>Introduction</u>

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to have all matters in this action before a United States Magistrate Judge. (ECF No. 5.)

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by

the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Plaintiff alleges that on September 4, 2015 at California State Prison, Sacramento, five defendant correctional officers used excessive force against him and, afterward, a defendant nurse failed to document or treat his injuries.[1]  (ECF NO. 1 at 9.)

Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). A prisoner must exhaust his administrative remedies before he commences suit. McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002); see also Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (under 42 U.S.C. § 1997e(a), a prisoner "may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed."). Unexhausted claims are subject to dismissal.

The State of California provides its prisoners and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (2013). The inmate is required to complete a formal appeals process: (1) a first-level appeal, to be conducted by the division head or his or her designee; (2) a second-level appeal, to be conducted by the hiring authority or his or her designee; and (3) a third-level appeal, to be conducted by the Office of

---

[1] The court finds plaintiff's other allegations too vague and conclusory to state a claim.

1 Appeals in Sacramento, California.  <u>Id.</u>, § 3084.7.  To begin the appeals process, an inmate must
2 use a CDCR form 602 and describe the specific issue and the relief requested.  <u>Id.</u>, § 3084.2(a).
3 The third-level appeal response constitutes the decision of the Secretary of CDCR, and completes
4 the appeals process.  <u>Id.</u>, § 3084.7(d)(3).

5       Here, on the portion of the prisoner civil rights filing form concerning exhaustion of
6 remedies, plaintiff indicates that he did not file a second-level grievance concerning his claims
7 because prison officials did not respond to his first-level grievance within the allotted time.  (ECF
8 No. 1 at 3.)  Plaintiff indicates that, instead, he filed a CDCR 22 form seeking a second-level
9 administrative response.  This request, addressed to the Health Care Appeals Coordinator, is
10 attached to the complaint.  (<u>Id.</u> at 3-4.)

11       Also attached is plaintiff's first-level grievance dated September 10, 2015.  It mentions the
12 alleged use of excessive force, but also asserts that "psych doctors" failed to provide mental
13 health services to plaintiff by refusing to admit him to a crisis bed.  (<u>Id.</u> at 5-7.)  Plaintiff's
14 requested relief is to be "referred to the state hospital" where he could "receive mental health
15 services which [would have been] the crisis bed."  (<u>Id.</u> at 7.)  He also seeks monetary damages
16 "for the negligence of the . . . psych doctor[.]"  (<u>Id.</u>)

17       Having reviewed the complaint and attachments, the undersigned concludes that
18 plaintiff's failure to exhaust administrative remedies as to claims stemming from the alleged
19 September 4, 2015 incident is clear on the face of the complaint.  See <u>Albino v. Baca</u>, 747 F.3d
20 1162, 1169 (9th Cir. 2014).  When an inmate's administrative grievance is improperly rejected on
21 procedural grounds, exhaustion may be excused as "effectively unavailable."  <u>Sapp v. Kimbrell</u>,
22 623 F.3d 813, 823 (9th Cir. 2010); <u>see also</u> <u>Nunez v. Duncan</u>, 591 F.3d 1217, 1224–26 (9th Cir.
23 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable");
24 <u>Ward v. Chavez</u>, 678 F.3d 1042, 1045 (9th Cir. 2012) (exhaustion excused where futile due to
25 official prison policy); <u>Brown v. Valoff</u>, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required
26 to proceed to third level where appeal granted at second level and no further relief was available).
27 Plaintiff has not explained why administrative remedies were "effectively unavailable" to him
28 under this standard.

For this reason, the complaint will be dismissed with leave to amend. Plaintiff will have the opportunity to file an amended complaint in which he explains why administrative remedies were either fully exhausted or effectively unavailable for his excessive force and/or medical indifference claims stemming from the September 4, 2015 incident.

III. Motion to Appoint Counsel

Plaintiff has requested the appointment of counsel. (ECF No. 3.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion to appoint counsel (ECF No. 3) is denied.

4. Plaintiff's complaint is dismissed with leave to amend.

5. The Clerk of Court is directed to send plaintiff the court's form for prisoner civil rights complaints under § 1983.

6. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

////

////

two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: April 5, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 /stri0400.14.new