UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LAMONT STRIBLING, | No. 2:16-cv-0400 CKD P |
| Plaintiff, | |
| v. | ORDER |
| R. MOTT, et al., | |
| Defendants. | |

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, plaintiff requests appointment of counsel on the ground that he is unable to take oral depositions of the defendants because he is incarcerated. ECF No. 47. Since plaintiff is proceeding in forma pauperis, the court assumes that it is not actually plaintiff's incarcerated status that prevents him from taking defendants' depositions, but his lack of funds.[1] Not only is this circumstance common to all prisoner, but plaintiff has failed to demonstrate that he is unable to obtain the necessary information through other discovery. Moreover, the appointment of counsel would not guarantee that defendants would be deposed. Accordingly, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 47) is denied.

Dated: December 20, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:stri0400.31

---

[1] Although logistically more difficult, if plaintiff does in fact have the funds to pay for a court reporter, he can take defendants' depositions.