UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LAMONT STRIBLING, | No. 2:16-cv-0400 MCE CKD P |
| Plaintiff, | |
| v. | ORDER |
| R. MOTT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court are defendant Mott's motion to compel (ECF No. 49), plaintiff's motion to compel (ECF No. 59), and defendant Salz' motion to compel (ECF No. 60).

I. Plaintiff's Allegations

Plaintiff alleges that defendants Mott, Terry, Morrow, Johnson, Murillo, Molina, Glenn, Salz, Andrichuck, Schnider, and Bell-Sprinkel violated his rights under the Eighth Amendment. (ECF No. 1 at 1, 3, 9-10; ECF No. 50.) Specifically, he alleges that after a disagreement over what size jumpsuit he should wear in order to be allowed out on the yard, he requested to see a sergeant. (ECF No. 1 at 9.) Instead of getting a sergeant, defendants Mott, Terry, Morrow, Johnson, and Murillo forced him out of the holding cage and beat him nearly to death. (Id.) After the assault, defendant Molina was called to medically clear plaintiff and refused to properly document his injuries or provide any treatment for his injuries. (Id.) As a result of the assault,

1

which plaintiff saw as an attempt on his life, he reported that he was feeling homicidal towards the officers and was placed in a temporary crisis bed. (Id. at 10.) While in the crisis bed he met with defendant Bell-Sprinkel, a psych doctor, who discharged him back to the same housing block despite the fact that he had told her about what had happened with the officers and his desire to kill them in order to protect himself. (Id.; ECF No. 50.) Plaintiff was sent back to a crisis bed on several more occasions and was discharged by defendants Glenn and Salz, despite telling them the same things he told Bell-Sprinkel. (ECF No. 1 at 10.) Defendants Andrichuck and Schnider reviewed his claims and also failed to provide him with adequate mental health treatment despite the fact that he was still feeling homicidal toward the officers and concerned for his safety. (Id.) In order to keep himself from trying to kill any correctional officers, plaintiff now confines himself to his cell and does not go out to the yard or for "groups." (Id.)

II. Standards Governing Discovery

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" if "the party seeking discovery has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). The purpose of discovery is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citation omitted), and "to narrow and clarify the basic issues", Hickman v. Taylor, 329 U.S. 495, 501 (1947).

Where a party fails to answer an interrogatory submitted under Rule 33, or fails to produce documents requested under Rule 34, the party seeking discovery may move for compelled disclosure. Fed. R. Civ. P. 37(a)(3)(B). The party seeking to compel discovery has the burden of showing that the discovery sought is relevant. Aros v. Fansler, 548 F. App'x 500,

501 (9th Cir. 2013) (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)). The opposing party is "required to carry a heavy burden of showing why discovery was denied." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

   III.   Defendant Mott's Motion to Compel

Defendant Mott seeks to compel supplemental responses to Interrogatory Nos. 1-3 and Request for Production Nos. 1-5, on the grounds that plaintiff's objections lack merit and his answers are insufficient. (ECF No. 49-1.) After plaintiff failed to respond to the motion, the court ordered him to respond and warned that failure to do so would be deemed a waiver of any opposition. (ECF No. 56.) Plaintiff has not responded to the motion.

   A.   Interrogatories

**Interrogatory No. 1:** List all California Department of Corrections and Rehabilitation (CDCR) Form 602 administrative grievances you submitted at all levels of review regarding the allegations contained in your complaint (ECF No. 1) in this action. For each grievance, state the log number, the date of submission, whether you received a response from CDCR, the date you received a response, and whether the grievance was granted or denied.

**Interrogatory No. 2:** List all CDCR Form 602-HC health care grievances you submitted at all levels of review regarding the allegations contained in your complaint (ECF No. 1) in this action. For each grievance, state the log number, the date of submission, whether you received a response from CDCR, the date you received a response, and whether the grievance was granted or denied.

**Response to Interrogatory Nos. 1 and 2:** Objection. The 9th Cir Ct of Appeals already ruled plaintiff's administrative remedies were made effectively unavailable on all def's excusing him from the exhausting requirements.

(ECF No. 49-1 at 3-4; ECF No. 49-2 at 17.)

Defendant's requests for plaintiff to identify the grievances that he submitted regarding the allegations in the complaint are clearly relevant and plaintiff's objection to these requests is not valid. First, the Ninth Circuit did not find that plaintiff's administrative remedies were effectively unavailable. (ECF No. 22.) Instead, what the Ninth Circuit found was that failure to exhaust was not clear on the face of the complaint because the complaint included facts that indicated that administrative remedies may not have been available. (Id.) Second, even if the Ninth Circuit had made a substantive finding as to exhaustion, the appeals are relevant and

3

discoverable for purposes other than to determine whether plaintiff exhausted his remedies. Administrative appeals contain facts regarding the incident being appealed, and defendants are entitled to request information regarding these written accounts of the incidents at issue in the complaint. Plaintiff will be required to provide responses to Interrogatory Nos. 1 and 2 without further objection.

> **Interrogatory No. 3:** List all injuries you sustained on September 4, 2015, as a result of any of the Defendants' actions or inactions. For each injury, state how it was sustained, what treatment you received for that injury, the name of any medical provider who treated that injury, and whether you had ever previously sustained injury to that part of your body.
>
> **Response:** Pain in wrist and arm, right and left and the face from being plummeled [sic] by the def's and severe mental pain from the [illegible] torchure [sic] I had to remain in for [illegible] time by [illegible] of def's.

(ECF No. 49-1 at 5; ECF No. 49-2 at 18.)

Defendant's third request regarding plaintiff's injuries and treatment for those injuries is relevant. Although plaintiff did respond to the request, he provided only some of the information requested and parts of the response were illegible. Accordingly, plaintiff will be required to provide a complete response to Interrogatory No. 3 and he must ensure that his response is legible.

B. Requests for Production

> **Request for Production No. 1:** All documents (as defined in Federal Rule of Civil Procedure 34(a)(l)) described in your response to Defendant Mott's Interrogatory No. 1, served concurrently with these requests for production.
>
> **Request for Production No. 2:** All documents (as defined in Federal Rule of Civil Procedure 34(a)(l)) described in your response to Defendant Mott's Interrogatory No. 2, served concurrently with these requests for production.
>
> **Request for Production No. 3:** All documents (as defined in Federal Rule of Civil Procedure 34(a)(l)) which show, evidence, or mention that you suffered injuries on September 4, 2015.
>
> **Request for Production No. 4:** All documents (as defined in Federal Rule of Civil Procedure 34(a)(l)) which show, evidence, or mention that you were housed in a mental health crisis bed between September 5, 2015, and September 10, 2015, as alleged in your complaint (ECF No. 1).

> **Request for Production No. 5:** All documents (as defined in Federal Rule of Civil Procedure 34(a)(l)) which support your demand for $350,000 in compensatory damages, as demanded in your complaint.
>
> **Response to All Requests:** Being illegally held in acute hospital without any of my property, so I am not able to fulfill obligation.

(ECF No. 49-2 at 22-24.)

Defendant's requests for production all seek documentation related to plaintiff's claims and are therefore relevant. Plaintiff's response to all of the requests was that he was unable to fulfill his obligations because he was being housed without access to his property. Counsel avers that on December 15, 2017, he spoke with the litigation counselor at the institution where plaintiff was housed at the time and was advised that plaintiff was not then subject to any property restrictions related to legal property. (ECF No. 49-2 at 2, ¶ 6.) However, even if plaintiff did not have access to his property at the time he responded to the requests for production, that would not relieve him of his duty to provide the requested documentation once his access was restored. Accordingly, plaintiff will be required to provide responses to these requests.

### C. Conclusion

Defendant Mott's motion to compel will be granted and plaintiff will be required to provide supplemental responses to the requests as set forth above. If plaintiff fails to comply with this order, he will be subject to sanctions that may range from exclusion of evidence all the way up to dismissal of the claims against defendant Mott (and possibly the claims against the other defendants represented by the Attorney General's Office), depending upon the degree of non-compliance.

### IV. Plaintiff's Motion to Compel

Plaintiff seeks to compel responses to two requests for production and verifications for defendants' responses to his requests for admission. (ECF No. 59 at 1-2.) Defendants oppose the motion on the grounds that plaintiff has failed to show that his requests were relevant or that defendants' objections were not justified. (ECF No. 64.)

////

////

A. Failure to Meet and Confer

Defendants argue that plaintiff's motion to compel should be denied because the requirement to confer under Federal Rule of Civil Procedure 37(a) has not been met. ECF No. 64 at 2. Defendants are correct that, unlike the requirement to confer set forth in Local Rule 251, the requirement to confer outlined in Rule 37(a) has not been excused. However, while the court encourages parties to attempt to resolve disputes prior to seeking court intervention, because of plaintiff's status as a pro se prisoner, the requirements of Rule 37(a) will not be enforced here and will not provide grounds for denying the motion.

B. Requests for Production

> **Request for Production No. 1:** Defendant's shall produce all documents written, typed, stenographed, scanned or any other way it was manufactured of all pertinent information from Plaintiff's C.D.C.R. medical/mental health file and central file of the 9-4-15 incident till late Nov of 2016 when he finally left away from all staff he feared for his life of.
>
> **Response:** Defendants object to this request on the grounds that it fails to identify the requested documents with particularity, is vague as to time, is overly broad, and calls for the production of documents which are equally available to Plaintiff. Plaintiff is free to review his central file, his medical file, or his mental health records by using the procedures established by CDCR. He cannot simply request "pertinent information" in discovery without providing some explanation of the documents requested. Without further explanation of the documents Plaintiff is seeking, Defendants cannot reasonably respond to this request.

(ECF No. 59 at 3-4.)

Plaintiff seeks to compel production of "all pertinent information" from September 4, 2015 through November 2016, located in his medical and mental health records and his central file. (Id. at 1-2.) In light of plaintiff's allegations that he was assaulted and that medical and mental health staff subsequently provided deficient care, plaintiff's medical and mental health records are relevant and reasonably calculated to lead to the discovery of admissible evidence related to the claims. It is also conceivable that information regarding the alleged assault and inadequate treatment may be contained in his central file. However, the request for "all pertinent information" is overly vague. While some documents will be unquestionably relevant to the allegations in the complaint, there are likely to be other documents for which the relevance is in

dispute. Defendants cannot be expected to search through plaintiff's files and identify those documents which plaintiff believes are relevant to his case.

Defendants also object on the grounds that these records are equally available to plaintiff because he can review them using the procedures established for that purpose. However, in his motion plaintiff claims that it is a "constant struggle" to obtain review of his files and to "get documents out of his C.D.C.R. file(s)." (ECF No. 59 at 2.) Although defendants imply that plaintiff's only claim is that he is not given free copies of his files (ECF No. 64 at 3), it appears that plaintiff also faces difficulty simply accessing the files for review. Whether plaintiff can readily obtain copies aside, if he is having difficulties even accessing the files for review, they are not equally available to him.

Since plaintiff should have access to these records and he has not identified the records he seeks with sufficient particularity, the court will not require defendants to produce these documents. However, defendants will be required to take whatever steps are necessary to ensure that plaintiff is provided an *adequate* opportunity to review his medical and mental health records and central file and obtain copies of the documents he believes are relevant.[1] Alternatively, defendants may choose to produce to plaintiff a copy of his medical, mental health, and central file records from September 4, 2015 through November 2016. Defendants are free to choose between ensuring access and providing a copy for each class of documents (medical records, mental health records, and central file records). The defendants shall file a status report with the court regarding plaintiff's access to his records.

> **Request for Production No. 2:** Please provide a copy of the videotaped cell extraction of Plaintiff on 4-8-13.[2]
>
> **Response:** Defendants object to this request on the grounds that it calls for the production of documents which are unrelated to the claims or defenses of any party and assumes facts which have not been admitted. Without waiving these objections, and after a reasonable search and diligent inquiry, no responsive documents

---

[1] Plaintiff has provided a copy of a response from prison staff that indicates that the CDCR already has procedures in place for providing copies of documents from these files. (ECF No. 59 at 9.)

[2] This is the date defendants transcribed in their response to the request. (ECF No. 59 at 4.) Plaintiff appears to dispute that this is the date he included in his request. (Id. at 1.)

7

| | could be located. |
|---|---|
| 1 | |
| 2 | (ECF No. 59 at 4.) |

For his second request for production, plaintiff sought the production of the video recording of a cell extraction. The parties are in dispute as to the date of the cell extraction for which plaintiff requested the video. Defendants argue that "Plaintiff correctly noted in his motion that he referenced an incorrect date in his request." (ECF No. 64 at 4 (citing ECF No. 59 at 1).) However, what plaintiff's motion argues is that defendants "put some other date beside's [sic] the date the cell extraction actually happened" in their response. (ECF No. 59 at 1.) Plaintiff includes a handwritten copy of the request, which states the cell extraction took place on September 9, 2015, as evidence that defendants changed the date.[3] (Id. at 8.)

Without a copy of the original request plaintiff sent to defendants, it is impossible to tell what date was actually identified in the request. However, in reviewing plaintiff's handwriting, it appears possible that plaintiff requested video from the cell extraction on "9-9-15" and that it was misread as "4-8-13." Since it appears that defendants only searched for video from a cell extraction on April 8, 2013, they will be required to produce any video that exists from plaintiff's cell extraction on September 9, 2015. Although defendants argue that plaintiff is merely speculating that such a video exists, the report from the cell extraction shows that a video operator was present, indicating that a video did exist at some point. (Id. 59 at 5.) In light of this evidence, if defendants are unable to locate a video of the cell extraction, they must provide details of the efforts to locate the video and, if applicable, an explanation as to why the video no longer exists. Furthermore, while defendants claim that "no relevance is immediately apparent" regarding a cell extraction on September 9, 2015, the court finds this to be inaccurate. Plaintiff explicitly states in his motion that the cell extraction was the result of the mental health provider defendants' continued attempts to discharge him back to the housing block where he believed officers were trying to kill him (id. at 1) and the cell extraction is explicitly mentioned in the

---

[3] The motion itself appears to refer to the date of the cell extraction as September 5, 2015. (ECF No. 59 at 1. However, since the exhibits he attaches clearly refer to a cell extraction occurring on September 9, 2015 (id. at 5-8), the court will assume this was a typographical error.

8

complaint (ECF No. 1 at 10 ("I refused to come out the temporary crisis bed cell and they cell extracted me, o.c. sprayed me and forced me back to the housing back. The next day on 9-10-15 I wrote a[n] inmate appeal about everything.").) Video of the cell extraction would therefore be relevant evidence of plaintiff's alleged injuries.

### C. Verification of Admissions

Plaintiff asserts that defendants Schneider and Andrichuk failed to provide verifications with their responses to his requests for admissions. (ECF No. 59 at 2.) However, while Federal Rule of Civil Procedure 33 requires the answer to an interrogatory be given under oath and signed by the person making the answer, Fed. R. Civ. P. 33 at (b)(3), (5), the rule governing admissions makes no such requirement, Fed. R. Civ. P. 36(a)(3). Instead, Rule 36 requires only that an answer or objection be signed by the party to whom it was directed or that party's attorney. Id. The exhibits to plaintiff's motion to compel show that Schneider and Andrichuk's responses were signed by their attorney and therefore complied with Rule 36. (ECF No. 59 at 14, 17.) Plaintiff's request that they be required to verify their responses will therefore be denied.

### D. Conclusion

Plaintiff's motion to compel will be granted in part. Defendants Mott, Terry, Morrow, Johnson, Murillo, Molina, Glenn, Andrichuck, and Schnider will be required to ensure plaintiff has an opportunity to review the records requested in Request for Production No. 1 or provide copies of those records from the requested time period. Defendants will also be required to provide a supplemental response to Request for Production No. 2. Defendants Schneider and Andrichuk will not be required to provide verifications for their admissions.

### V. Defendant Salz' Motion to Compel

Defendant Salz moves to compel plaintiff to respond to requests for production and interrogatories, to which plaintiff has completely failed to respond. (ECF No. 60.) Because plaintiff has failed to provide any answers or objections, defendant Salz argues that any objections have been waived and plaintiff should be required to fully respond to all requests. (ECF No. 60-1 at 3.) Plaintiff does not dispute his complete lack of response and instead appears to argue that he should not be required to respond to any discovery requests from defendant Salz

because Salz is in default and should have had a default judgment entered against him. (ECF No. 65.) The court has already explained why plaintiff's motions for default judgment were denied (ECF Nos. 36, 43) and plaintiff's belief that default judgment should have been entered against defendant Salz does not provide grounds for refusing to participate in discovery. Defendant Salz' motion to compel will therefore be granted and plaintiff will be required to fully respond to the discovery requests without objection. If plaintiff fails to comply with this order, he will be subject to sanctions that may range from exclusion of evidence all the way up to dismissal of the claims against defendant Salz, depending upon the degree of non-compliance.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Mott's motion to compel (ECF No. 49) is granted. Within thirty days of service of this order plaintiff must provide supplemental responses to defendant Mott's Interrogatory Nos. 1-3 and Request for Production Nos. 1-5 without any further objections.

2. Plaintiff's motion to compel (ECF No. 59) is granted in part and denied in part as follows:

    a. With respect to Request for Production No. 1, the motion is granted to the extent defendants are required to take whatever steps are necessary to ensure that plaintiff is provided an *adequate* opportunity to review his medical and mental health records and central file and obtain copies of the documents he believes are relevant. Within twenty-one days of service of this order, defendants shall submit a status report regarding plaintiff's access to these records. If the defendants choose to instead provide plaintiff with copies of any of these documents, the status report should reflect this and the documents must be produced within thirty days of service of this order.

    b. With respect to Request for Production No. 2, the motion is granted and within thirty days of service of this order defendants must produce any video of plaintiff's September 9, 2015 cell extraction. If no such video can be located, they must provide details of the efforts to locate the video and, if applicable, an explanation as to why the video no longer exists.

    c. With respect to the request that defendants Schneider and Andrichuk be required to verify their responses to his requests for admission, the motion is denied.

////

3. Defendant Salz' motion to compel (ECF No. 60) is granted. Within thirty days of service of this order, plaintiff must fully respond to defendant Salz' requests for production and interrogatories without objection.

4. The parties shall have sixty days from service of this order to bring any motions for sanctions under Federal Rule of Civil Procedure 37(b) for failure to comply with this order.

Dated: August 29, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:stri0400.mtc