UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LAMONT STRIBLING,<br><br>    Plaintiff,<br><br>    v.<br><br>R. MOTT, et al.,<br><br>    Defendants. | No. 2:16-cv-0400 MCE CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's motion for an extension of time and to disqualify the undersigned magistrate judge. (ECF No. 83.)

I.   Motion for Extension of Time

By order filed August 29, 2018, the undersigned granted defendant Mott's motion to compel and ordered plaintiff to provide supplemental responses to Mott's Interrogatory Nos. 1-3 and Requests for Production Nos. 1-5 within thirty days of service of the order. (ECF No. 75 at 10.) Defendant Salz' motion to compel was also granted, and plaintiff was ordered to fully respond to Salz' requests for production and interrogatories without objection within thirty days. (Id. at 11.) Plaintiff then filed a motion for reconsideration (ECF No. 77), which the District Judge denied in an order filed October 16, 2018 (ECF No. 80).

Defendants Mott, Andrichuk, Bell-Sprinkle, Glenn, Johnson, Molina, Morrow, Murillo,

Schneider, and Terry[1] subsequently moved to modify the scheduling order to extend the dispositive motion deadline after plaintiff failed to provide supplemental responses. (ECF No. 81.) Because of plaintiff's pro se status, the court assumed that he had believed that his obligation to provide discovery as ordered was stayed pending resolution of his motion for reconsideration. (ECF No. 82 at 2.) The court then extended plaintiff's deadline to provide discovery responses to thirty days after the service of the order denying his motion for reconsideration. (Id. at 2.) Defendants, including defendant Salz, were then given additional time to file any motions for sanctions based on plaintiff's continued failure to comply with the August 29, 2018 order. (Id.)

Shortly before his deadline to submit supplemental discovery responses expired, plaintiff filed a motion for an extension of time in which he sought an additional ninety days to provide supplemental responses to defendants' discovery requests. (ECF No. 83.) In the motion, plaintiff claims that on June 21, 2018, he was transferred to California State Prison (CSP), Corcoran, and has been without access to all of his property since that time because it is still at CSP, Sacramento. (Id.) It appears that the transfer is intended to be temporary and that plaintiff will be sent back to CSP, Sacramento after his court proceedings are complete. (Id. at 4.) Defendants did not respond to the motion and instead filed motions for sanctions, neither of which address plaintiff's claim that he has been separated from his legal property since June 21, 2018. (ECF Nos. 84, 85.)

While plaintiff's claim that he has been separated from his property does not excuse him from timely responding to discovery requests to the best of his ability, it does raise serious concerns about his ability to fully respond to the requests, particularly those for documents. Accordingly, defendants will be required to address this claim.

II. Motion to Disqualify

Plaintiff's motion for an extension of time also included a motion to disqualify the undersigned. (ECF No. 83.) Said motion is properly before the undersigned, as the Ninth Circuit

---

[1] Defendant Salz is represented by separate counsel and did not join in the motion.

2

has "held repeatedly that the challenged judge h[er]self should rule on the legal sufficiency of a recusal motion in the first instance." United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) (citing United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978)). If the affidavit is legally insufficient, then recusal can be denied. United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995).

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." 28 U.S.C. § 144. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under both recusal statutes, the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Studley, 783 F.2d at 939 (quoting Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (internal quotations omitted)).

Plaintiff argues that the undersigned should be disqualified because the order granting defendants' motion to modify the scheduling order (ECF No. 82), "bla[ta]ntly and bluntly showed prejudice against [him] insomuch to effect the whole outcome of this case. By persuading defendant on what legal action to take." (Id. at 1.) He appears to believe that the undersigned's extension of the time for defendants to file a motion for sanctions was a directive to defendants to file such a motion. (Id.)

Plaintiff's allegation of bias is misplaced. Contrary to his assertion, the motion granting the order to amend the scheduling order did not direct or recommend that defendants file a motion for sanctions. (ECF No. 82.) Rather, the motion extended a deadline that was already in existence. (Id. at 2.) Furthermore, recusal "is required 'only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding.'" Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 885 (9th Cir. 1991) (quoting Toth v. TransWorld Airlines, 862 F.2d 1381, 1388 (9th Cir. 1988)).

Plaintiff's allegation of bias is based on his misunderstanding of the undersigned's

3

previous order and is legally insufficient to establish a reasonable question as to the undersigned's impartiality or that a bias or prejudice exists.  The request for recusal will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1.   Within fourteen days of the filing of this order, defendants shall respond to plaintiff's allegation that he has been separated from his property since June 21, 2018, thereby leaving him unable to respond to their discovery requests as ordered.

2.  Plaintiff's motion for disqualification (ECF No. 83) is denied.

Dated:  January 22, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:stri0400.36.recuse

4