UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LAMONT STRIBLING, | No. 2:16-cv-0400 MCE CKD P |
| Plaintiff, | |
| v. | ORDER |
| R. MOTT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed August 29, 2018, the undersigned granted the defendants motions to compel and directed plaintiff to provide the ordered discovery within thirty days. (ECF No. 75 at 10-11.) Instead of providing the discovery responses as ordered, plaintiff filed a motion for reconsideration (ECF No. 77), which was denied (ECF No. 80). The court assumed that plaintiff believed that his motion for reconsideration automatically stayed his obligation to comply with the order granting the motions to compel and gave him additional time to comply with the order. (ECF No. 82 at 2.) Defendants were also given additional time to file any motions for sanctions based on plaintiff's failure to comply with the August 29, 2018 order. (Id.)

Shortly before plaintiff's deadline to provide discovery responses expired, he filed a motion requesting an additional ninety days to comply, citing his separation from his legal property since June 21, 2018. (ECF No. 83.) Both sets of defendants filed motions requesting

1

sanctions, but failed to address plaintiff's claim that he had been separated from his legal property. (ECF Nos. 84, 85.) The undersigned found that "[w]hile plaintiff's claim that he has been separated from his property does not excuse him from timely responding to discovery requests to the best of his ability, it does raise serious concerns about his ability to fully respond to the requests, particularly those for documents." (ECF No. 88 at 2.) The defendants were then ordered to address plaintiff's claim. (Id.) Both sets of defendants have now provided their responses. (ECF Nos. 90, 91.)

While defendant Salz has no knowledge of plaintiff's property situation (ECF No. 91 at 1), counsel for defendants Mott, Andrichuk, Bell-Sprinkle, Glenn, Johnson, Molina, Morrow, Murillo, Schneider, and Terry advise that plaintiff has in fact been separated from three boxes of legal property since June 21, 2018, and that he has requested that the boxes be sent to plaintiff (ECF No. 90 at 2-3). Counsel further provided documentation showing that plaintiff's property was sent to him on January 25, 2019, and the tracking information provided shows that they arrived at plaintiff's current housing location on January 28, 2019. (Id. at 10.)

In light of the fact that plaintiff was in fact separated from some of his legal property, both motions for sanctions will be denied at this time. Since it appears that plaintiff should now be able access his legal property, he will have one final opportunity to provide supplemental discovery responses as ordered on August 29, 2018. No extensions of this deadline will be granted absent a showing of extraordinary circumstances. Plaintiff is further reminded that failure to provide the ordered discovery responses will subject him to sanctions that may range from exclusion of evidence all the way up to dismissal of the case, depending upon the degree of non-compliance. If plaintiff once again fails to comply with the August 29, 2018 order, defendants may renew their motions for sanctions.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 83) is granted and plaintiff shall have until March 15, 2019, to provide supplemental responses to defendants' discovery requests in compliance with the August 29, 2018 order. No further extensions of time will be granted absent a showing of extraordinary cause.

2

2. Defendants' motions for sanctions (ECF Nos. 84, 85) are denied without prejudice.

3. Defendants shall have until April 15, 2019, to file any motions for sanctions based on plaintiff's failure to comply with the August 29, 2018 order.

4. Dispositive motions will be due within thirty days of the resolution of any motions for sanctions. If no motions for sanctions are filed, dispositive motions will be due thirty days after the deadline for filing motions for sanctions expires.

Dated: February 8, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:stri0400.sanctions.deny