UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LAMONT STRIBLING,<br><br>Plaintiff,<br><br>v.<br><br>R. MOTT, et al.,<br><br>Defendants. | No. 2:16-cv-0400 MCE CKD P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's second motion to disqualify the undersigned magistrate judge (ECF No. 95) and defendants' motions for sanctions (ECF Nos. 96, 97).

I.     Motion to Disqualify

Plaintiff has once again moved to disqualify the undersigned. (ECF No. 95.) Said motion is properly before the undersigned, as the Ninth Circuit has "held repeatedly that the challenged judge h[er]self should rule on the legal sufficiency of a recusal motion in the first instance." United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) (citing United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978)). If the affidavit is legally insufficient, then recusal can be denied. United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995).

////

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." 28 U.S.C. § 144. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under both recusal statutes, the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Studley, 783 F.2d at 939 (quoting Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (internal quotations omitted)).

Plaintiff argues that the undersigned should be disqualified because his motion for summary judgment was dismissed with the intent to prejudice plaintiff. (ECF No. 95.) He further states that it is not the undersigned's concern whether he has complied with the August 29, 2018 order compelling discovery responses, and that defendants were not required to respond to his motion until discovery was finished, so there was no reason to deny the motion for summary judgment. (Id.)

Plaintiff's allegations misunderstand the order denying his summary-judgment motion. Although the order advised that plaintiff needed to comply with the order compelling discovery prior to filing a further motion, plaintiff's compliance with the order compelling discovery, or lack thereof, was not the reason the motion for summary judgment was denied. (ECF No. 94.) The motion was denied without prejudice because, contrary to plaintiff's assertion, it did not comply with Federal Rule of Civil Procedure 56 and Local Rule 260. (Id.) Additionally, recusal "is required 'only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding.'" Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 885 (9th Cir. 1991) (quoting Toth v. TransWorld Airlines, 862 F.2d 1381, 1388 (9th Cir. 1988)).

Plaintiff's allegation of bias is based on his misunderstanding of the undersigned's previous order and is legally insufficient to establish a reasonable question as to the undersigned's impartiality or that a bias or prejudice exists. The request for recusal will therefore be denied.

## II. Motions for Sanctions

By order filed August 29, 2018, the undersigned granted the defendants[1] motions to compel and directed plaintiff to provide the ordered discovery within thirty days. (ECF No. 75 at 10-11.) In granting the motions and compelling plaintiff to respond to the discovery requests, the court warned plaintiff that failure to comply would subject him to sanctions that could range all the way up to dismissal. (Id. at 5, 10.) Instead of providing the discovery responses as ordered, plaintiff filed a motion for reconsideration (ECF No. 77), which was denied (ECF No. 80). The court assumed that plaintiff believed that his motion for reconsideration automatically stayed his obligation to comply with the order granting the motions to compel and gave him additional time to comply with the order. (ECF No. 82 at 2.) Defendants were also given additional time to file any motions for sanctions based on plaintiff's failure to comply with the August 29, 2018 order. (Id.)

Shortly before plaintiff's deadline to provide discovery responses expired, he filed a motion requesting an additional ninety days to comply, citing his separation from his legal property since June 21, 2018. (ECF No. 83.) Both sets of defendants filed motions requesting sanctions, but failed to address plaintiff's claim that he had been separated from his legal property. (ECF Nos. 84, 85.) The undersigned found that "[w]hile plaintiff's claim that he has been separated from his property does not excuse him from timely responding to discovery requests to the best of his ability, it does raise serious concerns about his ability to fully respond to the requests, particularly those for documents." (ECF No. 88 at 2.) The defendants were then ordered to address plaintiff's claim. (Id.)

Upon reviewing the responses provided, the court found that while plaintiff had been separated from his property, his lack of access had been cured and he was given one final opportunity to provide supplemental discovery responses as ordered on August 29, 2018. (ECF No. 92 at 2.) He was further warned that no extensions of time would be granted absent a

---

[1] Defendants Mott, Terry, Morrow, Johnson, Murillo, Molina, Glenn, Andrichuck, Schnider, and Bell-Sprinkel are represented by the Attorney General's Office, while defendant Salz is represented by separate counsel.

3

showing of extraordinary circumstances and "that failure to provide the ordered discovery responses will subject him to sanctions that may range from exclusion of evidence all the way up to dismissal of the case, depending upon the degree of non-compliance." (Id.) Defendants were given additional time to renew their motions for sanctions if plaintiff did not comply, and the dispositive motions deadline was set for thirty days after either the resolution of any motions for sanctions or the deadline for filing motions for sanctions if no such motions were filed. (Id. at 3.)

Plaintiff proceeded to file a motion for summary judgment (ECF No. 93), which was denied for failing to comply with Federal Rule of Civil Procedure 56 and Local Rule 260 (ECF No. 94). In denying the motion, the court reminded plaintiff of the necessity of complying with the August 29, 2018 order compelling discovery responses. (Id.) Plaintiff then filed the motion to disqualify the undersigned that was addressed above (ECF No. 95), and defendants filed motions for terminating sanctions based on plaintiff's failure to comply with the August 29, 2018 order (ECF Nos. 96, 97). Plaintiff has not filed a response to either motion, and the time for doing so has expired.

Both sets of defendants assert that plaintiff has not provided any responses to their discovery requests as required by the August 29, 2018 order. (ECF No. 96-1 at 3; ECF No. 97-1 at 2.) Plaintiff has not disputed either allegation.

"District courts have the inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1961)). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 41(b); L.R. 110; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (citing United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979)) (dismissal for noncompliance with local rule); Malone v. United States Postal Serv., 833 F.2d 128, 133 (9th Cir. 1987) (dismissal for failure to comply with court order). Moreover, the Federal Rules specifically contemplate dismissal as a potential sanction for a party's failure to comply with an order compelling discovery, Fed. R. Civ. P. 37(b)(2)(A)(v), but "[o]nly 'willfulness, bad faith, and fault' justify terminating sanctions,"

Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003)).

> [The Ninth Circuit has] constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions.

Id. (footnote citations omitted).

The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. This action has been pending since February 2016, and plaintiff shows little interest in complying with this court's discovery orders or fulfilling his discovery obligations. As set forth in the court's August 29, 2018 order, plaintiff was required to provide responses to defendants' requests for production and interrogatories. (ECF No. 75 at 10-11.) He was also warned that failure to comply could result in sanctions up to dismissal of the case. (Id. at 5, 10.) However, despite the court's clear warnings that plaintiff would be subject to sanctions if he failed to provide responses to the discovery requests (id.; ECF No. 92 at 2), he has failed to provide the required responses and he has not provided any explanation for these failures. Plaintiff apparently has no intention of fulfilling his obligations as directed.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Malone, 833 F.2d at 131). The risk of prejudice is considered in relation to plaintiff's reason for defaulting. Id. (citing Yourish v. Cal. Amplifier, 191 F.3d 983, 991 (9th Cir. 1999)). As addressed above, plaintiff has not provided the court with any explanation for his lack of compliance. The court finds that plaintiff's continued, unjustified failure to participate in discovery constitutes a willful and bad faith disregard for the discovery

5

process and this court's orders. Furthermore, plaintiff's failure to respond to discovery requests substantially hinders defendants' ability to investigate and defend against his allegations.[2]

The fourth factor weighs against dismissal, since "public policy strongly favors disposition of actions on the merits." Yourish, 191 F.3d at 992 (citation and internal quotation marks omitted). However, it is also greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, the court finds that there are no other, lesser sanctions that would be satisfactory or effective. In granting defendants' motion to compel, the court clearly directed plaintiff to provide responses and warned that his failure to comply would result in sanctions that could range all the way up to dismissal of this case depending on the degree of his non-compliance (ECF No. 75 at 5, 10), and plaintiff has not made any attempt to comply with the order. The "court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (citing Malone, 833 at 132-33; Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)). Given plaintiff's complete disregard for this court's order, and his failure to explain his non-compliance, the court finds that lesser sanctions would be ineffective and insufficient to address plaintiff's willful behavior. Exclusionary sanctions would likely be ineffective, since the court is unable to prospectively determine what kind of information and evidence plaintiff is withholding such that it could be effectively excluded. Furthermore, given plaintiff's incarceration and in forma pauperis status, he would likely be unable to pay any monetary sanctions, making them of little use.

---

[2] Although the discovery propounded by the defendants represented by the Attorney General's Office was identified as discovery requested by defendant Mott, it is clear that the requests were relevant to the claims against all of the jointly represented defendants. (ECF No. 49.) The court would not expect each defendant to make an identical request to plaintiff when they are represented by the same counsel, and defendants Terry, Morrow, Johnson, Murillo, Molina, Glenn, Andrichuck, Schnider, and Bell-Sprinkel are equally prejudiced by plaintiff's failure to provide the supplemental responses to defendant Mott's discovery requests that were ordered by the court. Plaintiff was explicitly warned that failure to provide the supplemental responses as ordered could result in the dismissal of not only the claims against defendant Mott, but against the other defendants represented by the Attorney General's Office as well. (ECF No. 75 at 5.)

For these reasons, the undersigned finds that terminating sanctions are justified and will recommend granting defendants' motions.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for disqualification (ECF No. 95) is denied.

IT IS FURTHER RECOMMENDED that defendants' motions for terminating sanctions (ECF Nos. 96, 97) be granted and this action be dismissed for failure to comply with a court order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 28, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:stri0400.recuse.sanctions.f&r